# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3260

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | Appeal from the United States |
| Appellee, | * | District Court for the Western |
| | * | District of Missouri. |
| vs. | * | |
| | * | [UNPUBLISHED] |
| ODIES M. COLE, JR., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:   March 14, 2001
Filed:   June 1, 2001

_____

Before M. ARNOLD and HEANEY, Circuit Judges, and BATTEY,[1] District Judge.

_____

PER CURIAM.

Odies M. Cole, Jr. (Cole) appeals the district court's[2] admission of his confession and a statement by the victim into evidence.  Cole also claims that the government produced insufficient evidence to support the verdict.  In a separate pro se

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

brief, Cole makes several additional allegations, which include grand juror misconduct, a lack of jurisdiction pursuant to the commerce clause, and ineffective assistance of counsel.

We review the district court's evidentiary rulings for an abuse of discretion. <u>See</u> <u>United States v. Phelps</u>, 168 F.3d 1048, 1054 (8th Cir. 1999). Furthermore, Cole's conviction must be upheld if there is substantial evidence to support the jury's verdict. <u>See</u> <u>United States v. Sandifer</u>, 188 F.3d 992, 995 (8th Cir. 1999) (the evidence is to be viewed in the light most favorable to the verdict, giving the verdict the benefit of all reasonable inferences, and reversing only if the jury must have had a reasonable doubt concerning one of the essential elements of the crime.) Having carefully reviewed the record, we conclude that the district court's admission of the confession and statement of the victim into evidence was not an abuse of discretion. We also conclude that substantial evidence did exist to support the conviction.

As for the separate pro se brief, we conclude that Cole's ineffective assistance of counsel claims should be presented in a 28 U.S.C.§ 2255 proceeding. <u>See</u> <u>United States v. Martin</u>, 59 F.3d 767, 771 (8th Cir. 1995). The remaining claims of Cole's pro se brief are dismissed as frivolous. Accordingly, without further discussion, we affirm Cole's conviction. <u>See</u> 8th Cir. R. 47B.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.